IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES,

                 Plaintiff,

    v.

EDWARD ALLEN McELROY,

               Defendant.

No. 3:12-cr-00542-HZ

OPINION & ORDER

Per C. Olson
Hoevet, Boise & Olson, P.C.
1000 SW Broadway, Suite 1500
Portland, OR 97205

        Attorney for Plaintiff

Gary Y. Sussman
United States Attorney's Office
1000 SW Third Avenue, Suite 600
Portland, OR 97204

        Attorney for Defendant

HERNANDEZ, District Judge:

Defendant Edward McElroy moves to dismiss count one for Sexual Exploitation of Children, 18 U.S.C. § 2251(a), and to strike the Notice of Enhanced Penalty, as authorized by 18 U.S.C. § 3553(e)(2). Defendant argues that § 2251(a) is unconstitutional as applied to him because there is no scienter requirement regarding the victim's age. Defendant further argues that because the Notice of Enhanced Penalty is dependent upon a conviction under § 2251(a), the Notice should be stricken.[1] A hearing was held on the matter on March 17, 2014. Because I find that § 2251(a) is not unconstitutional, Defendant's motion to dismiss [39] is denied.

DISCUSSION

Defendant argues that § 2251(a) is unconstitutional because there is no scienter requirement regarding the victim's age, and thus count one should be dismissed and the enhanced penalty should be stricken. Defendant further argues that without knowledge that the victim is a minor, there is no separation of First Amendment protected activity and criminal conduct.

Section 2251(a) states, in relevant part:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in…any sexually explicit conduct for the purpose of producing a visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished…if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce…[.]

18 U.S.C. § 2251(a).

Defendant relies on United States v. X-Citement Video, 513 U.S. 64 (1994), in support of its argument that § 2251(a) is unconstitutional. In X-Citement, the defendant was charged with

---

[1] The Notice of Enhanced Penalty was initially dependent upon a conviction of either Count One or Two of the indictment. Indictment at 5. However, at the hearing, the government moved to strike the enhancement notice for Count Two. The motion was granted.

violating a different child pornography statute, 18 U.S.C. § 2252.[2] Id. at 66.  The issue before

the Court was whether "knowingly" applies only to defendant's conduct of transporting,

shipping, receiving or distributing the visual depiction, or whether "knowingly" also applies to

"the use of a minor." Id. at 68.  The Court held that "knowingly" applied to both the conduct and

the age of the person depicted.  Id. at 78.

 In its reasoning, the Court contrasted the legislative histories of § 2252 and § 2251—the

statute at issue in the present case.  The legislative history for § 2251 unequivocally indicates

that Congress intentionally omitted a scienter requirement with respect to the victim's age.

Initially, the proposed bill included a scienter requirement, but a later version deleted it.  X-

Citement, 513 U.S. at 76 ("[T]he new bill retained the adverb 'knowingly' in § 2252 while

simultaneously deleting the word 'knowingly' from § 2251(a).").  The Court reasoned that

Congress's different treatment of sections 2251 and 2252 reflect the different circumstances of

producers and distributors of child pornography.  A defendant prosecuted under § 2251 for the

production of child pornography "confronts the underage victim personally and may reasonably

be required to ascertain that victim's age.  The opportunity for reasonable mistake as to age

increases significantly once the victim is reduced to a visual depiction, unavailable for

questioning by the distributor or receiver." Id. at 72 n2.  "[P]roducers are more conveniently

able to ascertain the age of performers.  It thus makes sense to impose the risk of error on

producers." Id. at 77 n5 (citation omitted).

 First Defendant argues that the legal justification for omitting a scienter requirement in §

2251 has been rejected in light of X-Citement.  Def.'s Mem. 12.  I disagree with Defendant's

---

[2] Sections 2252(a)(1) and (a)(2) state:  "[a]ny person who…(1) *knowingly* transports or
ships…any visual depiction, if…the producing of such visual depiction involves *the use of a
minor*... (2) *knowingly* receives, or distributes, any visual depiction…the producing of such
visual depiction involves *the use of a minor*…[.]"  18 U.S.C. § 2252(a)(1)-(2) (emphasis added).

interpretation of X-Citement.  As explained earlier, the Court in X-Citement dealt with a different child pornography statute, § 2252.  The legislative histories of § 2251 and § 2252 were distinguished and as a result, the Court's imposed a scienter requirement regarding the victim's age for § 2252.  I am not persuaded that in light of X-Citement, a similar requirement would be imposed on § 2251.  In fact, seven circuit courts who have addressed the issue after X-Citement have found otherwise.  See United States v. Griffith, 284 F.3d 338, 349 (2d Cir. 2002), United States v. Malloy, 568 F.3d 166, 171-72 (4th Cir. 2009), United States v. Crow, 164 F.3d 229, 236 (5th Cir. 1999), United States v. Humphrey, 608 F.3d 955, 962 (6th Cir. 2010), United States v. Fletcher, 634 F.3d 395, 401 (7th Cir. 2011), United States v. Pliego, 578 F.3d 938, 943 (8th Cir. 2009), and United States v. Deverso, 518 F.3d 1250, 1251 (11th Cir. 2008).

Next, Defendant argues that due to advances in technology and the Internet, the lack of the scienter requirement in § 2251 regarding the victim's age cannot be justified, as applied to his case.  Def.'s Mem. 16.  Defendant points out that he never met the victim in person and that he saw the victim only through a web camera.  Id.  I am not persuaded by Defendant's argument that only in-person contact saves § 2251 from crossing into unconstitutional territory.  Although Defendant did not meet the victim in person, Defendant saw the victim through the web cam and simultaneously conversed with the victim via instant messaging and email.  This level of interaction with the victim allowed Defendant the same opportunity to ascertain the victim's age as an in-person situation.

Defendant further argues that Ninth's Circuit's mistake of age affirmative defense is insufficient to render § 2251 constitutional as applied to Defendant.  Id. at 17.  Because I have already found that § 2251 is constitutional, I need not address this argument.  In the alternative, Defendant argues that the government should be required to prove beyond a reasonable doubt

that Defendant knew the victim was a minor.  Def.'s Mem. 19.  Defendant's argument is based on similar arguments previously raised regarding the unconstitutionality of § 2251.  For the same reasoning, I decline to impose a scienter requirement regarding the victim's age.

Because § 2251 is constitutional, I deny Defendant's motion to dismiss count one for violation of § 2251.  Additionally, the motion to strike the enhanced penalty, which was based on a finding that § 2251 is unconstitutional, is also denied.

CONCLUSION

Based on the foregoing, Defendant's motion to dismiss [39] is denied.

IT IS SO ORDERED.

Dated this _21_ day of March, 2014.


_____
MARCO A. HERNANDEZ
United States District Judge