IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES,

                Plaintiff,

     v.

EDWARD ALLEN McELROY,

                Defendant.

No. 3:12-cr-00542-HZ

FINDINGS OF FACT &
CONCLUSIONS OF LAW

Edward Allen McElroy
74723-065
Columbia County Jail
901 Port Ave.
St. Helens, OR 97051

       Pro Se Plaintiff

Gary Y. Sussman
United States Attorney's Office
1000 SW Third Ave., Ste. 600
Portland, OR 97204

/ / /
/ / /

1 - FINDINGS OF FACT & CONCLUSIONS OF LAW

Paul T. Maloney
Washington County District Attorney
150 N. First Ave., Ste. 300
Hillsboro, OR 97124

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Defendant Edward McElroy waived his right to have a jury determine factual issues regarding the application of an enhanced penalty under 18 U.S.C. § 3559(e)(1). Waiver of Jury Trial [75]. The enhanced penalty is considered only after Defendant is convicted of count one for Sexual Exploitation of a Child, 18 U.S.C. § 2251(a). On May 2, 2014, after a three-day trial, the jury found Defendant guilty of count one, as well as all the other counts. That same day, a court trial was held on the issue of the enhanced penalty. The following are my findings of fact and conclusions of law.

## DISCUSSION

      An individual convicted of a federal sex offense in which the victim is a minor faces mandatory life imprisonment if the individual has previously been convicted of either a federal sex offense or an equivalent state sex offense in which the victim was a minor.[1] 18 U.S.C. § 3559(e)(1). A state sex offense is defined as "an offense under State law that is punishable by more than one year in prison and consists of conduct that would be a Federal sex offense if…(i) the offense involved interstate or foreign commerce" or "(ii) the conduct occurred in any commonwealth, territory, or possession of the United States…[.]" Id. at § 3559(e)(2)(B). There are several qualifying federal sex offenses under § 3559(e)(1), such as an offense under section

---

[1] "A person who is convicted of a Federal sex offense in which a minor is the victim shall be sentenced to life imprisonment if the person has a prior sex conviction in which a minor was the victim[.]" 18 U.S.C. § 3559(e)(1). "Prior sex conviction" means "a conviction for which the sentence was imposed before the conduct occurred constituting the subsequent Federal sex offense, and which was for a Federal sex offense or a State sex offense[.]" Id. at § 3559(e)(2)(C).

1591 (sex trafficking of children), 2241 (aggravated sexual abuse), 2242 (sexual abuse), and

2244 (abusive sexual contact).  Id. at § 3559(e)(2)(A).

I first must determine whether Defendant has a prior sex conviction in which the victim

was a minor.  The government presented evidence of Defendant's conviction for Count 1 Sexual

Abuse I, Marion County Case No. 99C41069, in violation of ORS § 163.427.  Ex. 26 at 3

(judgment of the conviction for Count 1 Sexual Abuse I).  For the § 3559(e)(1) enhancement

penalty to apply, the prior conviction (1) must have been punishable by more than a year, (2)

"consists of conduct" equivalent to a federal sex offense, and (3) the victim was minor.

Under Oregon law, Sexual Abuse I is a Class B felony.  ORS § 163.427(b)(2).  I find that

the Sexual Abuse I offense is punishable by more than a year in prison.  ORS § 161.605

(maximum prison term for Class B felony is 10 years).  The first requirement of § 3559(e)(1) is

met.

For the second requirement of § 3559(e)(1), I must determine whether the Sexual Abuse I

offense is equivalent to any of the qualifying federal sex offenses listed in § 3559(e)(2)(A).  The

government argues that § 2241(c) for aggravated sexual abuse with children is equivalent to the

Sexual Abuse I state offense.  The government directs the court to the definition of aggravated

sexual abuse in which a person "crosses a State line with intent to engage in a sexual act with a

person who has not attained the age of 12 years[.]"  18 U.S.C. § 2241(c).  "Sexual act" is defined

in several ways, but as argued by the government, may include "the penetration, however slight,

of the anal or genital opening of another by a hand or finger or by any object, with an intent to

abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person" or "the

intentional touching, not through the clothing, of the genitalia of another person who has not

3 - FINDINGS OF FACT & CONCLUSIONS OF LAW

attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or

gratify the sexual desire of any person[.]"  18 U.S.C. § 2246(2)(C)-(D).

Under Oregon law, Sexual Abuse I occurs when a person

(a) Subjects another person to sexual contact and:
    (A) The victim is less than 14 years of age;
    (B) The victim is subjected to forcible compulsion by the actor; or
    (C) The victim is incapable of consent by reason of being mentally
    defective, mentally incapacitated or physically helpless; or

(b) Intentionally causes a person under 18 years of age to touch or contact the
mouth, anus or sex organs of an animal for the purpose of arousing or gratifying
the sexual desire of a person.

ORS § 163.427(1).

To determine whether the state conviction for Sexual Abuse I under ORS § 163.427

consists of conduct that would be equivalent to aggravated sexual abuse under § 2241(c), I apply

the categorical approach set forth in Taylor v. United States, 495 U.S. 575, 602 (1990).  Under

the categorical approach, the elements of the statute of conviction, ORS § 163.427, are compared

to the elements of § 2241(c).  The underlying facts of the conviction are not considered.  Id.

However, because the state statute is divisible, i.e., contains alternative methods for conviction, it

is unclear which subsection of ORS § 163.427 applies.  In such instances, a modified categorical

approach is appropriate to determine which subsection served as the basis for the conviction.

Descamps v. United States, 133 S. Ct. 2276, 2281 (2013).  Under the modified categorical

approach, the charging documents, plea agreement, and plea colloquy may be considered.

United States v. Vidal, 504 F.3d 1072, 1086 (9th Cir. 2007).  Additionally, the Ninth Circuit has

indicated that an analysis under § 3559(e)(1) may require a "hybrid" approach, such that the

traditional Taylor approach is used to determine if Defendant has a prior sex conviction, and then

the specific circumstances of the conviction are considered to determine whether the victim was

4 - FINDINGS OF FACT & CONCLUSIONS OF LAW

a minor.  United States v. Doss, 630 F.3d 1181, 1197 (9th Cir. 2011).  Whether a minor was

involved must be proven to the fact finder beyond a reasonable doubt.  Id.

Because ORS § 163.427 is a divisible statute, under the modified categorical approach, I

may look to the indictment to determine which subsection served as the basis for the prior

conviction.  In Count 1 of the indictment, the Defendant was accused of "knowingly subject[ing]

[L.J.] a person of the age of 8 years, to sexual contact by touching her vaginal area[.]"  Ex. 26 at

1.  Based on this allegation, ORS § 163.427(1)(a)(A) served as the basis for the conviction:

"Subjects another person to sexual contact and…[t]he victim is less than 14 years of age[.]"

Under Oregon law, "sexual contact" means "any touching of the sexual or other intimate parts of

a person or causing such person to touch the sexual or other intimate parts of the actor for the

purpose of arousing or gratifying the sexual desire of either party."  ORS § 163.305(6).

As earlier defined, the conduct involved in the federal offense under § 2241(c) may

involve (1) the penetration of the anal or genital opening by hand, finger or object or (2) the

intentional touching, not through the clothing, of the genitalia.  The conduct alleged in the

indictment is not equivalent to either of these definitions.  The indictment states that the sexual

contact was "touching [the victim's] vaginal area."  "Touching" is different from "penetration"

by hand, finger, or object.  Nor does the indictment indicate that the touching was on the skin,

i.e., "not through the clothing"—as required by the federal definition.  Under Oregon law, a

Sexual Abuse I conviction may involve touching on the skin or through clothing.  State v. Buller,

571 P.2d 1263, 1264 (Or. Ct. App. 1977).  As alleged in the indictment, the touching of the

victim's vaginal area could have been through the clothing or directly on the skin.  I cannot

conclude that the conduct in a Sexual Abuse I offense consists of conduct equivalent to

aggravating sexual abuse under § 2241(c).  The second requirement of § 3559(e)(1) has not been

5 - FINDINGS OF FACT & CONCLUSIONS OF LAW

met. Therefore, Defendant's Sexual Abuse I conviction cannot qualify as a "prior sex conviction" under § 3559(e)(1).

CONCLUSION

Because not all the requirements for the enhancement penalty under 18 U.S.C. § 3559(e)(1) have been met, I conclude that Defendant is not subject to an enhancement penalty of mandatory life imprisonment.

IT IS SO ORDERED.

Dated this ____9____ day of May, 2014.

MARCO A. HERNÁNDEZ
United States District Judge

6 - FINDINGS OF FACT & CONCLUSIONS OF LAW